# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

               Plaintiff-Respondent,         :       Case No. 3:04-cr-095
                                          Also 3:11-cv-034

                                      District Judge Walter Herbert Rice
     -vs-                              Magistrate Judge Michael R. Merz
                            :

MEGED D. YISRA'EL,

               Defendant-Petitioner.

---

## REPORT AND RECOMMENDATIONS; ORDER FOR ANSWER; ORDER FOR APPOINTMENT OF COUNSEL

---

This case is before the Court on Defendant Meged Yisra'El's Motion to Vacate under 28 U.S.C. § 2255. Under Rule 4 of the Rules Governing § 2255 Motions, the case is to be initially screened before an answer is ordered to determine if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief. As with all habeas corpus proceedings in this District, the case has been referred to a United States Magistrate Judge.

### Report and Recommendations

It plainly appears from the record that Petitioner is not entitled to relief on his first three claims. Based on the following analysis, the Magistrate Judge recommends that they be dismissed.

In his first two Grounds for Relief, Defendant asserts that his criminal history was incorrectly calculated, to wit, by assessing one point for his 1989 conviction in Case No. 89 CRB 2647 (Ground

1

One) and  one point for his 1992 conviction in Case No. 92 CRB 0321 (Ground Two).  Petitioner

has procedurally defaulted in presenting these two Grounds for Relief because they were available

to him to argue at the time of sentencing in this Court and also available on appeal, but were not

argued on either occasion.

The  procedural default defense in habeas corpus is described by the Supreme Court as

follows:

> In all cases in which a state prisoner has defaulted his
> federal claims in state court pursuant to an adequate
> and independent state procedural rule, federal habeas
> review of the claims is barred unless the prisoner can
> demonstrate cause of the default and actual prejudice
> as a result of the alleged violation of federal law; or
> demonstrate that failure to consider the claims will
> result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th

Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he

could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977);

*Engle v. Isaac*, 456 U.S. 107 (1982).  Absent cause and prejudice, a federal habeas petitioner who

fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.

*Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);

*Engle v. Isaac*, 456 U.S. 107 (1982);  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  *Wainwright*

replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).  The procedural

default analysis of *Wainwright* and its progeny is fully applicable to §2255 motions.  *United States*

*v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United*

*States*, 999 F.2d 1023 (6th Cir. 1993).

Because Defendant defaulted twice – at sentencing and on appeal – in presenting these two

claims, they should be dismissed with prejudice.

Alternatively, these two claims are without merit. Mr. Yisra'El's objection is that these two offenses did not occur within ten years prior to the offense of conviction. However, ¶ 76 of the Presentence Investigation Report notes Mr. Yisra'El's acknowledgment in the Statement of Facts that the drug conspiracy to which he pled guilty began "by at least 1997," within ten years prior to the two convictions he claims should not have been counted.

In Ground Three Mr. Yisra'El claims he received "insufficient" representation of counsel when his attorney was not with him during interviews by Government agents. Because a *pro se* litigant is entitled to liberal construction of his pleadings under *Haines v. Kerner*, 404 U.S. 519 (1972), the Court reads this claim as stating a constitutional deprivation of Defendant's Sixth Amendment right to the effective assistance of counsel. However, at some time after these interviews occurred, Defendant pled guilty (See Motion, Doc. No. 202, PageID 1208, ¶ 5; see also Tr. Plea, Doc. No. 129, PageID 730.) At the time of his guilty plea, Mr. Yisra'El acknowledged that by pleading guilty he was giving up his right to contest anything that had occurred in the case up to that point (Plea Tr., Doc. No. 129, PageID 709).

A guilty plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. By pleading guilty, Mr. Yisra'El waived any constitutional claims arising out of the handling of the case prior to that point in time. Therefore his Third Ground for Relief should be dismissed with prejudice.

**Order for Answer**


In affirming Defendant's conviction, the Sixth Circuit Court of Appeals declined to decide the two ineffective assistance of trial counsel claims he made on direct appeal.  It held:

> This case does not present one of the rare instances in which a defendant can establish ineffective assistance of counsel based on the record on direct appeal. Even assuming that O'Brien actively represented conflicting interests such that Yisrael need not show "probable effect upon the outcome," see *Mickens v. Taylor*, 535 U.S. 162, 166 (2002), the current record is not sufficient for Yisrael to establish an actual effect on the adequacy of the representation, the lesser prejudice requirement for a conflict-based ineffective assistance claim, *Cuyler v. Sullivan,* 446 U.S. 335, 349-50 (1980). Therefore, the current record is not sufficient for the court to determine whether O'Brien rendered ineffective assistance in representing Yisrael.

*United States v. Yisrael*, 355 Fed. Appx. 933, 934, 2009 U.S. App. LEXIS 27098 (6th Cir. Dec. 11, 2009).

Because the Sixth Circuit has determined that the record is not sufficiently developed to decide the claim of ineffective assistance of trial counsel as to Mr. O'Brien's alleged conflict of interest, it is hereby ORDERED that the United States Attorney shall, not later than March 1, 2011, file an answer conforming to the requirements of Rule 5 of the Rules Governing §2255 Cases. Specifically, said answer shall respond to each allegation made in Ground Four of the Motion, raise any affirmative defenses available to the United States, and state whether Defendant has previously received an evidentiary hearing on any of the matters he now raises or whether he is entitled, in the Government's view, to an evidentiary hearing in this proceeding.

Defendant  may, not later than twenty-one days after the Answer is filed, file and serve a reply or traverse to the Answer.  If the Government files a motion to dismiss, Defendant's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

## Order for Appointment of Counsel

Because there may well be a need for an evidentiary hearing in this case, Defendant's Motion for Appointment of Counsel (Doc. No. 203) is granted.  The Clerk shall appoint suitable counsel from the Criminal Justice Act Panel.

February 8, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).