IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,          :

    Plaintiff,

v.                                 :     Case No. 3:04-cr-95(1)

MEGED DAWVID YISRA'EL,                   JUDGE WALTER H. RICE

    Defendant.                   :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR A REDUCTION OF HIS SENTENCE UNDER 18 U.S.C. § 3582(c)(2) (DOC. #220)

---

This matter is currently before the Court on Defendant's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), Doc. #220. Defendant pled guilty to Conspiracy to Possess with Intent to Distribute Marijuana and Cocaine (Count I) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count V). He was sentenced on November 5, 2007 to a total of 204 months imprisonment followed by 10 years of supervised release.

As to Count I, the Court calculated Defendant's base offense level at 34, based on the quantity of drugs involved. Two levels were added for Defendant's role as a primary organizer, and three levels were deducted for acceptance of responsibility and timely notice of intent to plead. This resulted in a net offense level of 33. With a criminal history category of IV, the advisory sentencing

guideline range was 188-235 months on Count I. The Court, however, departed downward based on § 3553(a) factors, and sentenced Defendant to 144 months on Count I. The Court also imposed a consecutive mandatory minimum sentence of 60 months on Count V.

Defendant now asks the Court to reduce his sentence on Count 1 from 144 months to 120 months, the mandatory minimum sentence for that conviction. He relies on 18 U.S.C. § 3582(c)(2), which states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> \*\*\*
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In order for the Court to reduce Defendant's sentence on Count 1, he must have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* Defendant satisfies this requirement. Amendment 782 to the Sentencing Guidelines revised the drug quantity tables in U.S.S.G. § 2D1.1, resulting in a two-level reduction to the base offense level for most drug offenses. This Amendment applies retroactively. U.S.S.G. § 1B1.10(d).

Amendment 782 results in Defendant's base offense level being reduced from 34 to 32. With the adjustments previously made by the Court, the new net offense level is 31. With a criminal history category of IV, this results in a new advisory sentencing guideline range of 151-188 months on Count I. Defendant notes that, in previously sentencing him to 144 months on Count I, the Court departed approximately 23.5% from the advisory sentencing guideline range of 188-235 months. He asks the Court to apply a similar reduction to the new advisory sentencing guideline range, which would reduce his sentence to 116 months. He acknowledges, however, that this would be below the mandatory minimum sentence of 120 months. Therefore, he asks the Court to resentence him to 120 months on Count I.[1]

Even if Defendant was ""sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the Court may reduce his sentence only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Unfortunately, Defendant's request runs afoul of this requirement.

The applicable policy statement is set forth in U.S.S.G. § 1B1.10(b)(2)(A). It states that, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than

---

[1] Defendant concedes that the Court has no authority to reduce his 60-month sentence on Count V.

3

the minimum of the amended guideline range determined under subdivision (1) of this subsection."[2] Because the minimum amended guideline range on Count I is 151 months, and Defendant was sentenced to 144 months, the Court has no authority to further reduce Defendant's sentence. Accordingly, the Court must OVERRULE Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), Doc. #220.

Date: April 13, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[2] The only exception to this rule applies where the court departs downward from the advisory sentencing guideline range based on the Government's "motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10 (b)(2)(B). This exception does not apply to Mr. Yisra'el.